[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sigma Xi, The Scientific Research Society, Inc. was the owner of real property known as 345 Whitney Avenue in the City of New Haven (property) on October 1, 1991. On that date there was a city-wide revaluation for property tax purposes and the assessor for the defendant, City of New Haven determined the fair market value of the CT Page 2670 property to be $2,155,400 resulting in an assessed valuation of $1,508,780 (70% of fair market value). After eight years, the plaintiff appealed the assessment based on the list of October 1, 1999 to the Board of Assessment Appeals, which appeal was denied. This appeal, pursuant to General Statutes § 12-117a, was then taken to the Superior Court. Accordingly, only the lists of October 1, 1999 and 2000 are at issue.
The property is a three story brick and stone building, consisting of approximately 37,700 sq. feet built in 1948 and remodeled in 1978. It is a corner parcel with 300 feet of frontage on Whitney Avenue and 250 feet on Lawrence Street with 22,000 square feet of asphalt paving providing 82 open parking spaces. It is an attractive building located on a primary artery and easily accessible from Interstate highways 91 and 95.
The plaintiff occupied a substantial portion of the building until it moved its operation from New Haven in April, 1990. As of October 1, 1991, 15,250 square feet of the building were occupied by tenants. The plaintiff sold the property on October 1, 2002 to Planned Parenthood of Connecticut, Inc.[1]
The plaintiff, who challenged the assessment, has the burden of proving that the defendant overvalued the property. "It is undisputed that, in an appeal pursuant to § 12-117a, the trial court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the [taxpayer's] property. At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has over assessed its property. The trier of fact must arrive at his own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value. . . ." (Citations and internal quotation marks omitted). Xerox Corp. v. Board of Tax Review,240 Conn. 192, 204 (1997).
The plaintiff's appraiser testified that the property as of October 1, 1991, had a fair market value of $1,578,000 (income capitalization approach of $1,578,000 and sales comparison valuation approach of $1,587,000). The defendant's appraiser testified that the property as of October 1, 1991 had a fair market value of $2,2000,000 (income capitalization approach valuation of $2,150,000 and sales comparison valuation approach of $2,340,000).
In determining value, both approaches were considered. The court will first focus on the income capitalization approach. The only matter upon which both appraisers came close to agreeing upon was the overall capitalization rate to be applied to the net income.[2] The plaintiff CT Page 2671 did not meet its burden with respect to the projected gross income. The plaintiff assigned a large vacancy rate of 25% as compared to the defendant's 18% vacancy rate. Although the rental market in 1991 was unfavorable and about 60% of the subject building was vacant, there could be many reasons for such a high vacancy factor. One such reason may have been that the largest occupier of space, almost the entire building, was the plaintiff and it moved its operation from the building in April of 1990 about 18 months prior to the revaluation date. Although directed to "consider the actual rental income"; General Statutes § 12-63b (b); the court determines that because of the building and its location a vacancy rate of 18% is appropriate for the property. The court also finds that a projected rental of $15 per square foot is reasonable.[3]
The sales used by the defendant's appraiser to support the market value in the amount of $2,340,000 for the sale comparison valuation approach are much more comparable than those used by the plaintiff. For example, the plaintiff's appraiser uses comparables that have approximately a half acre of land whereas the subject property has approximately one and one half acres. The location of the subject property on prestigious Whitney Avenue, is more preferable than the plaintiff's comparables of Broadway, Cedar Street, or Whalley Avenue (Westville). Although there is an indication that the three properties which the plaintiff uses as comparables have on site parking, there is no information as to the extent.
Accordingly, the court finds that the plaintiff failed to sustain its burden of proof and enters judgment in favor of the defendant, City of New Haven.[4]
Robert I. Berdon Judge Trial Referee